CASE NO. 22-1116

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br>    Plaintiff-Appellee,<br><br>v.<br><br>JOHN HENRY HESKETT<br>    Defendant-Appellant,<br><br>HAWK PRODUCTIONS, LLC,<br>    Defendant. | |

_____

On Appeal from the United States District Court for the District of Colorado
Honorable Christine M. Arguello
District Court Case No. **01:20-cv-03159-CMA-NRN**

---

**PLAINTIFF-APPELLEE'S MOTION FOR SANCTIONS**

---

Plaintiff-Appellee Mesa Underwriters Specialty Insurance Company ("Mesa"), by and through its counsel, Hall & Evans, LLC, hereby submits it Motion for Sanctions, and in support thereof, states as follows:

**Disclosure of Opponent's Position Pursuant to 10th Cir. R. 27.1**

Counsel for Mesa has discussed the intention to pursue an award of attorney fees with Counsel for Heskett and understands that Heskett opposes the relief

requested in this motion. Specifically, Ms. Montague addressed the lack of factual basis to support an appeal with Mr. Lomena prior to the filing of this appeal. The parties also discussed Mesa's intention to seek attorney fees with the Tenth Circuit Mediator in May 2022, who indicated that Heskett was willing to undertake the risk that he could be held responsible for Mesa's attorney fees or other sanctions. Despite the frank discussions about Mesa's intention to seek attorney fees, Heskett and his counsel have failed to identify any factual or legal basis for the appeal and Mesa therefore seeks reimbursement of the attorney fees incurred in the unfounded prolonged litigation.

## INTRODUCTION

John Heskett was a participant in a "mud run" event produced and presented by Hawk Productions, LLC on June 25, 2016. **Exhibit A**, *Order Granting Plaintiff's Motion for Summary Judgment*, pp. 1–2. Mesa issued to Hawk Productions an insurance policy ("Policy") covering the event procured for Hawk by an independent insurance broker. *Id*. at p. 2; **Exhibit B**, *Email Correspondence Attached to Defendant's Response to Plaintiff's MSJ*. Heskett was injured on June 25, 2016 while participating in the mud run and requested that Hawk pay his damages. **Exhibit A**, p. 2. Hawk in turn requested indemnity from Mesa. *Id*.

Mesa denied coverage, noting that the Policy specifically excluded coverage for bodily injuries incurred by participants in the event. *Id*. at 2–3. Heskett received an arbitration award of $2,642,0411.11 in damages. *Id*. at 3. Then, on August 4, 2020, Heskett demanded payment of the arbitration award from Mesa. *Id*.

Mesa then filed an action in the United States District Court for the District of Colorado pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, on October 22, 2020. *Id*.; **Exhibit C**, *Complaint*. Heskett answered the Complaint and filed a counterclaim for bad faith against Mesa. **Exhibit A**, p. 3; **Exhibit D**, *Answer*. On April 21, 2021 Mesa moved for summary judgment, which the Court granted on January 21, 2022. **Exhibit E**, *Motion for Summary Judgment*; **Exhibit A**, p. 9. In granting the motion, the District Court found the plain language of the policy clear and unambiguous, going so far as to note that Heskett admitted "there is no dispute about what the policy says." **Exhibit A**, p. 6. The District Court explicitly rejected Heskett's argument that the participant exclusion in the policy was unenforceable because Hawk's principal, Ron Weide, subjectively believed that the policy covered participants. *Id*. at pp. 6–9. The District Court found that no ambiguity existed within the text of the contract, and therefore it could not consider extrinsic evidence. *Id*. at p. 7. In support of its conclusion, the District Court cited to *American Family Mut. Ins. Co. v. Hansen*, 375 P.3d 115, 120–121 (Colo. 2016) for the well-known

proposition in Colorado that, absent ambiguity, a court will not look beyond the four corners of the agreement to determine the meaning intended by the parties. *Id*.

Heskett subsequently moved to reconsider the District Court's granting of Mesa's motion for summary judgment. **Exhibit F**, *Motion to Reconsider*. Heskett again argued that the Policy was ambiguous "because one party believed they were selling a policy that did not cover participants of a race and one party believed they were purchasing a policy that covered participants in the race." *Id*. at p. 3. The District Court rejected this argument yet again, specifically noting that it was "without support." **Exhibit G**, *Order Denying Motion to Reconsider*, p. 3. Nowhere in the motion for reconsideration did Heskett attempt to argue that the District Court erred in its application of the rule articulated in *Hansen* to which the District Court cited, nor did Heskett attempt to make any argument for a change in law that would support his position. *See* **Exhibit F**, pp. 3–4. Heskett simply chose to ignore the weight of contrary authority make the same argument over again and unnecessarily expand the scope of this litigation. *See id*. Heskett has now noticed the instant appeal.

## ARGUMENT AND AUTHORITIES

After a review of his Opening Brief, filed on June 6, 2022, it is clear that Heskett's sole argument is the twice rejected, unsupported argument that Hawk believed the insurance policy would cover participants, which Heskett believes,

without citation to any authority, is sufficient to make the policy ambiguous. *See Opening Brief*, pp. 5–7. As made clear in the reply in support of the motion for summary judgment, the District Court's order granting the motion for summary judgment, Mesa's response to the motion to reconsider, the District Court's order denying the motion to reconsider, and the Answer Brief filed in this Court, a clear Colorado precedent establishes that extrinsic evidence cannot create an ambiguity in a contract when the language of the document is clear and unambiguous. This is not an instance of an unsettled question of law that a court has yet to ponder. This appeal is groundless and frivolous, and sanctions are therefore appropriate, as explained below.

### A. The Court Has the Power to Enter Sanctions Against Both Heskett and His Attorney.

This Court's ability to levy sanctions against a party is unquestioned and derives from multiple sources. *See Braley v. Campbell*, 832 F.2d 1504 (10th Cir. 1987) ("To deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings.").

Rule 38 of the Federal Rules of Appellate Procedure specifically allow a federal appellate court to award damages to an appellee when an appeal is frivolous.

*See* Fed. R. App. P. 38. A finding that an appeal is frivolous entitles the appellee to "just damages and single or double costs." *Id*. Additionally, appellate courts are empowered by 28 U.S.C. § 1927 to assess a sanction personally against an appellant's attorney who unreasonably or vexatiously multiplies the proceedings. 28 U.S.C. § 1927. In such a case, the court may assess against the offending attorney the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id*.

    **B. The Instant Appeal Is Groundless and Frivolous, and Sanctions Are Appropriate Under Fed. R. App. P. 38.**

"If a court of appeals determines that an appeal is frivolous, it may, after separately filed motion or notice from the court and a reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit. *Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) (citing *Braley*, 832 F.2d at 1510).

The result in this case is obvious. Plaintiff's single argument for reversal is based on numerous premises that are not only faulty but are directly contrary to well-established Colorado law. First, Heskett's argument requires that the court consider evidence outside the policy itself to determine if the policy is ambiguous. *See* **Exhibit H**, *Response to MSJ*, pp. 3–4; **Exhibit F**, p. 3; *Opening Brief*, pp. 6–7.

However, the Colorado Supreme Court has held that, to determine if a contract is ambiguous, a court cannot look outside of the four corners of the contract. *Am. Family Mut. Ins. Co. v. Hansen*, 375 P.3d 115, 117 (Colo. 2016) ("An ambiguity must appear in the four corners of the document <u>before</u> extrinsic evidence can be considered.") (emphasis in original).

Next, Heskett's argument requires the court to find a contract ambiguous without identifying any language in the insurance contract subject to an alternative interpretation. *See* **Exhibit H**, p. 4; **Exhibit F**, p. 3; *Opening Brief*, pp. 6–7. It is well-established that a provision in a contract is only ambiguous if it is reasonably susceptible to more than one interpretation. *Hoang v. Assurance Co. of Am.*, 149 P.3d 798, 801 (Colo. 2007). By continuing to litigate this issue without attempting to provide an alternative interpretation of the provision, Heskett has unnecessarily expanded these proceedings.

Finally, Heskett's argument requires acceptance of a party's subjective intent as evidence of ambiguity. *See* **Exhibit H**, p. 4; **Exhibit F**, p. 3; *Opening Brief*, pp. 6–7. The rules articulated by the Colorado Supreme Court, however, clearly establish that subjective evidence cannot determine whether a contract is ambiguous. *See Allstate Ins. Co. v. Juniel*, 931 P.2d 511, 513 (Colo. App. 1996) (holding that contractual ambiguity is determined "by use of an objective standard within the

context of circumstances at issue."). It is well established that a person's subjective belief is irrelevant to an objective standard. *Cf. United States v. McHugh*, 639 F.3d 1250, 1256 (10th Cir. 2011) (noting in a discussion of reasonable suspicion, which is defined objectively, that subjective beliefs and intentions are "quite simply, irrelevant"). Further, the law is clear that the particular subjective belief offered by Heskett—that Mr. Weide did not know the Policy excluded coverage for participants—is wholly ineffective as a matter of law to challenge the validity of a contract. *See Bell v. Land Title Guar. Co.*, 422 P.3d 613, 616 (Colo. App. 2018) ("Colorado cases have repeatedly held one who signs or accepts a written contract, in the absence of fraud, is conclusively presumed to know its contents and to assent to them.").

Yet despite this well-established law, Heskett continues to attempt to create a fact issue with doubly irrelevant assertions that the District Court found incredible. *See* **Exhibit A**, p. 7. In contrast to the self-serving statements of Mr. Weide's Affidavit referenced by the District Court, it remains undisputed that Hawk Productions purchased the same policy issued by Mesa with the same participant exclusion four consecutive policy years from 2016 through 2019. *See* **Exhibit A**, p. 2. **Exhibit B**, an email exchange with the insurance broker who sold the policy to Hawk Productions in 2016, and attached to Heskett's Response to the motion for

summary judgment along with Mr. Weide's affidavit, constitutes an acknowledgement by Mr. Weide that since purchasing insurance for the mud run beginning in 2013, [Hawk] "never had accident coverage for participants." **Exhibit B**, p. 1. Additionally, the Exhibit reveals that the broker reminded Mr. Weide of this in January 2017, yet Mr. Weide, the representative of Hawk Productions responsible for the purchase of insurance, purchased the same Mesa Policy with the same Participant Exclusion for the mud runs held in June 2017, 2018 and 2019. **Exhibit B**; **Exhibit A**, pp. 7-8. The Affidavit upon which Heskett relied to oppose summary judgment undermined his arguments as to his subjective belief that the Mesa Policy covered participants and demonstrate the lack of factual basis to assert that participant coverage was requested at any time. It is the reliance upon the unfounded assertions and contradictions in the Weide affidavit, above all else, which make this appeal groundless and frivolous.

The application of any one of the cited cases would defeat the appeal. The District Court cited many of these authorities in its order granting the motion for summary judgment. *See* **Exhibit A**, pp. 6–7. The remainder are basic legal principles that have been brought to Heskett's attention. **Exhibit E**, pp. 6–7; **Exhibit I**, *Mesa's Reply*, pp. 3, 5, 6. Yet Heskett ignores all of these authorities and continues to prosecute this appeal by arguing that Mr. Weide's shock that the Policy did not cover

participants is sufficient to create make a Policy provision ambiguous, even after he conceded that "there is no dispute about what the policy says." The fact that there are so many rocks on which this argument runs aground evidences the obviousness of the result and the frivolousness of the appeal. *See Ford*, 552 F.3d at 1180 (finding an appeal frivolous where the appellant repeated arguments made to the district court without any showing of how the district court erred and failed to provide reasoned argument in support of reversal).

## C. Appellant's Counsel Has Unreasonably Multiplied the Proceedings, and Sanctions Against Counsel Personally Are Appropriate Under 28 U.S.C. § 1927.

Unfortunately, monetary sanctions against Heskett's counsel are appropriate in this case. The United States Code provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Such is the case with Heskett's appeal.

When briefing a legal issue, counsel owes a duty to advise the Court of contrary authority when adopted by most courts in the country. *In re Quiroz*, Bankr. LEXIS 3788 at *36–37 (C.D. Cal. December 12, 2019). Further, counsel has an

ethical obligation to alert the Court to relevant law. *United States v. Handakas*, 64 Fed. Appx. 817, 819 (2d Cir. 2003) (unpublished). Pursuing a claim after it becomes clear that it cannot prevail can justify the imposition of sanctions under § 1927. *See Jolly Group Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).

As argued above, the groundlessness of Heskett's position is undisputable and the frivolousness of this appeal is undeniable. Not only does the pursuit of such a groundless argument three separate times warrant sanctions, but the manner in which counsel has made those arguments, especially on appeal. The District Court issued a detailed order granting the motion for summary judgment, which explicitly and thoroughly addressed and rejected the very argument on which Heskett bases his entire appeal to this Court. Yet in the brief, Heskett fails to address any of the issues articulated by the District Court or the plethora of authority directly contrary to his position, nor does he present any contrary authority. *See Opening Brief*, pp. 5–7. In fact, much of the argument made in the Opening Brief is identical to the argument made in the Motion to Reconsider. *Compare* **Exhibit F**, pp. 3–4 *with Opening Brief*, pp. 5–7.

Heskett makes no attempt to distinguish the authority relied on by the District Court or make an argument to change the law, all of which would indicate some good faith. Instead Heskett chose to simply make the exact same argument, almost

verbatim, to this Court, in three pages with no citation whatsoever to relevant authority. Heskett's half-hearted attempt to delay the inevitable has unreasonably and vexatiously multiplied the proceeding in this case, and sanctions pursuant to 28 U.S.C. § 1927 are appropriate.

## CONCLUSION

Mesa understands that sanctions are not to doled out lightly. However, Heskett's continued prosecution of an obviously meritless case, forcing Mesa to incur additional attorney fees and costs, can only be described as frivolous and vexatious. The fact that Heskett has prosecuted this action through an attorney, who has a duty to exercise professional judgement in analyzing the merits of a case, compounds the egregious nature of the decision to prolong this litigation. Sanctions against Heskett and his counsel are appropriate.

WHEREFORE, Plaintiff-Appellee Mesa Underwriters Specialty Insurance Company respectfully requests an order from the Court granting this Motion for Sanctions and award Mesa just damages and double costs from Heskett pursuant to Fed. R. App. P. 38 and the excess costs, expenses, and attorneys' fees Mesa has reasonably incurred in defending this appeal from Heskett's attorney, Edward Lomena of the McDivitt Law Firm, pursuant to 28 U.S.C. § 1927.

Dated this 6th day of July, 2022.

                                                  Respectfully Submitted,
                                                  HALL & EVANS, L.L.C.

                                                  By: *s/ Stephanie A. Montague*
                                                  Stephanie A. Montague
                                                  Nicholas J. Deaver
                                                  HALL & EVANS, L.L.C.
                                                  Attorneys for Plaintiff-Appellee
                                                  Mesa Underwriters Specialty
                                                  Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **PLAINTIFF-APPELLEE'S MOTION FOR SANCTIONS** was filed/served this 6th day of July, 2022 via was filed using the CM/ECF System and served electronically upon the following:

*Counsel for Defendant-Appellant*
Edward Lomena
McDivitt Law Firm, PC
19 E Cimarron Street
Colorado Springs, CO 80903
elomena@mcdivittlaw.com

                                                    *s/ Nicole Marion,*
                                                    Nicole Marion, Legal Secretary