CASE NO. 22-1116
UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br>            Plaintiff-Appellee,<br><br>v.<br><br>JOHN HENRY HESKETT<br>            Defendant Appellant, | |
| On Appeal from the United States District Court for the District of Colorado<br>Honorable Christine M. Arguello<br>District Court Case No.  01:20-cv-03159-CMA-NRN | |
| **DEFENDANT-APPELLANT'S RESPONSE TO PLAINTIFF-APPELLEE'S MOTION FOR SANCTIONS** | |

Appellant, John Henry Heskett, by and through his counsel of record, McDivitt Law Firm, and for his Response to Respondent's Motion for Sanctions

### STATEMENT OF THE CASE

Appellant entered a mud race that was organized by Hawk Productions. During the race Appellant fell of the monkey bar obstacle into a pit of mud, and his arm hit a piece of exposed medal. Appellant suffered significant injuries to his

wrist and hand. Appellant's wife wrapped his arm in a muddy shirt to stop the bleeding. A water truck picked them up and brought them to the ambulance on scene. The ambulance was empty, no clean towels, no medical equipment, no water and no medical personnel. Appellant waited forty-five minutes for an ambulance to arrive. Appellant had eight surgeries on his hand and accumulated $467,041. 11 in medical bills.

Appellant and Hawk Productions agreed to an arbitration, which was held on June 29, 2020, On July 24, 2020, an arbitration award of $2,642,041.11 was issued to Appellant. On August 4, 2020, Appellant made a demand for payment of the Arbitration award to Respondent.

Respondent filed suit in the United States District Court for the District Court of Colorado on October 22, 2020. Appellant filed its answer on February 3, 2021. On April 21, 2022, Respondent moved for summary judgment, arguing the language of the policy did not afford any coverage for Appellant. On January 21, 2022, the District Court granted Respondent's motion and dismissed Appellant's claims. On February 19, 2022, Appellant filed a motion to reconsider the order granting Respondent's motion to dismiss based on several errors made by the District Court. On April 1, 2022, the District Court denied Appellant's motion to reconsider. Appellant filed an appeal. The appeal is currently pending.

# ARGUMENT

## RESPONDENT'S MOTION FOR SANCTIONS SHOULD BE DENIED BECAUSE THE APPELLANT'S APPEAL IS NOT FRIVOLOUS, AND THERE HAS BEEN NO MISCONDUCT IN THE WAY IT HAS BEEN ARGUED.

Respondents request for sanctions should be denied because the appeal is an attempt to protect Appellant's rights. Appellant was seriously injured and was awarded almost 2.7 million dollars in damages against Respondent's insured Hawk Productions. Respondent denied coverage under their policy. Appellant is challenging that coverage opinion based on the sworn statements of Hawk Productions. Although Respondent may not agree with Appellant's position, Appellant had a right to file the appeal. Filing an appeal to protect one's rights is not an egregious act. "Standards for determining whether appeal is frivolous should be directed toward penalizing egregious conduct without deterring lawyer from vigorously asserting client's rights; therefore, rule providing for damages and costs in cases of frivolous appeal should only be used to impose sanctions in clear cases." Mission Denver Co. v. Pierson, 674 P.2d 363 (Colo. 1984).

Appellant made the appeal as simple as possible as to not waste the Courts time with multiple claims. The crux of the appeal is whether there is a question of fact about any ambiguity in the insurance contract. This is a unique situation and

there is no case that is directly on point to this one. As such, Respondent believes the affidavit of Hawk Productions stating they believed they were purchasing a policy that covered the participants in their races is persuasive evidence of a possible ambiguity that existed. The e-mail exchange between Ron Weide of Hawk Productions and his broker that he was surprised to learn his policy did not cover racers is further evidence of the ambiguity. Even if Respondents claim is unlikely to prevail on appeal that does not make the claim frivolous. As stated above, there is some supporting evidence that the insurance contract was ambiguous. Thus, the appeal may not be successful, but it is not frivolous, and no misconduct occurred in the arguing of this appeal.

"In fulfilling his duty under Canon 7 of the Code of Professional Responsibility to zealously represent a client, a lawyer may advance a claim or defense not recognized under existing law if it can be supported by a good faith argument for an extension, modification, or reversal of existing law. Code of Professional Responsibility DR 7–102. Because a lawyer may present a supportable argument which is extremely unlikely to prevail on appeal, it cannot be said that an unsuccessful appeal is necessarily frivolous.". Mission Denver Co. v. Pierson, 674 P.2d 363, 365–66 (Colo. 1984). Purpose underlying award of attorney fees and costs for frivolous appeal is to deter egregious conduct, not to discourage

legal theories that, while having no support in decisional law, nevertheless may be persuasive by virtue of unique character of case. Rules App. Proc., Rule 38(d). Wood Bros. Homes, Inc. v. Howard, 862 P.2d 925 (Colo. 1993).

Respondent points to the fact that the lower Court decided this issue twice, once on the original motion and again in Appellant's motion to reconsider as evidence that the current appeal is frivolous. This argument has been rejected many times. Most recently by the United States Court of Appeals. "The fact that appellant raised arguments before Court of Appeals that were the same as those rejected by the district court does not provide grounds for finding that appellant's ultimately unsuccessful appeal was frivolous, as would warrant award of sanctions; the whole point of an appeal is to claim that court below erred in its conclusion as to arguments raised, and appellant may assert arguments raised below, but must point out how and why the lower tribunal incorrectly evaluated them." Sparks v. Eastman Kodak Co., 230 F.3d 1344 (Fed. Cir. 2000)

The United States Court of Appeals goes on to hold "Our legal system is currently biased toward maintaining open courts rather than deterring appeals; it favors the allowance of appeals, even in cases having little chance for success, without subjecting appellants to undue risk of damages for frivolous appeal." Sparks v. Eastman Kodak Co., 230 F.3d 1344 (Fed. Cir. 2000).

## CONCLUSION

There is no basis to award Respondent sanctions. Appellant has a right to an appeal. Appellants appeal was not frivolous and there was no misconduct in its argument. Appellant limited the appeal down to one issue. There is evidence to support Appellant's claims of ambiguity. Respondent's belief that the appeal has little chance of success is not a reason to award sanctions. This is a unique issue that deserves to be heard.

Finally, this motion is premature because the appeal has yet to be decided. For these reasons, the motion should be denied.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court deny defendants motion for sanctions.

DATED this 19th day of July 2022.

*/s/ Edward Lomena,*
Edward Lomena, Esq., #45899
McDivitt Law Firm, PC
19 E Cimarron Street
Colorado Springs, CO 80903
Telephone: 719.471.3700
E-mail: litigation@mcdivittlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing ***DEFENDANT-APPELLANT'S RESPONSE TO PLAINTIFF-APPELLEE'S MOTION FOR SANCTIONS*** was served electronically via CM/ECF System upon the following:

Stephanie A. Montague, Esq.
Thomas Walker Farrell, Esq.
Hall & Evans LLC
1001 17TH Street, Suite 300
Denver CO  80202

DATED this 19th day of July 2022.

/s/ Edward Lomena,
Edward Lomena, Esq., #45899
McDivitt Law Firm, PC
19 E Cimarron Street
Colorado Springs, CO 80903
Telephone: 719.471.3700
E-mail: litigation@mcdivittlaw.com