CASE NO. 22-1116

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY,
    Plaintiff-Appellee,

v.

JOHN HENRY HESKETT
    Defendant-Appellant,

HAWK PRODUCTIONS, LLC,
    Defendant.

_____

On Appeal from the United States District Court for the District of Colorado
Honorable Christine M. Arguello
District Court Case No. **01:20-cv-03159-CMA-NRN**

---

### MESA'S REPLY TO HESKETT'S RESPONSE
### TO THE MOTION FOR SANCTIONS

---

Plaintiff-Appellee Mesa Underwriters Specialty Insurance Company ("Mesa"), by and through its counsel, Stephanie A. Montague and Nicholas J. Deaver, hereby submits its Reply to Heskett's Response to the Motion for Sanctions, and in support thereof, states as follows:

## ARGUMENT AND AUTHORITIES

In its Motion for Sanctions, Mesa argued that sanctions are appropriate under Fed. R. App. P. 38 and 28 U.S.C. § 1927 against Heskett and his attorney, respectively, for filing a frivolous appeal and for unreasonably and vexatiously multiplying the proceedings. In what has been a clear pattern throughout this litigation, Heskett's response attempts to create new issues and wholly ignores the contrary authority. With respect to this motion, Heskett essentially argues two points in defense of his appeal: first, that he has a right to appeal to protect his rights, and second, that an appeal is not frivolous if there is a good faith basis to argue for a change in law. Neither of those points are sufficient for Heskett and his counsel to avoid the imposition of sanctions under the present circumstances.

**A. Heskett's Arguments Are Irrelevant to Mesa's Motion.**

The Court should have no issue disposing of Heskett's first contention, that he has a right to bring an appeal to protect his rights. Of course, all civil litigants are afforded an appeal as of right. *See* Fed. R. App. P. 4(a). Thus, Heskett's argument seems to be that sanctions are not appropriate in any appeal. Yet, Fed. R. App. P. 38 and 28 U.S.C. § 1927, which specifically contemplate the awarding of sanctions on appeal, also exist, so the mere right to appeal has no relevance in the determination of whether sanctions are appropriate. As the colloquial saying goes, "Just because

you can, does not mean you should." An appeal, taken by right, that is frivolous justifies the imposition of sanctions. *See Braley v. Campbell*, 832 F.2d 1504, 1510–11 (10th Cir. 1987). The only relevant question, therefore, is whether the appeal is frivolous.

The only argument that Heskett makes on whether his appeal is frivolous concerns two items. First, he contends that his appeal has merit because he submitted evidence of an ambiguity in the contract. The merits, or lack thereof, of the appeal are adequately addressed in the briefing, and need not be restated here. Mesa notes, however, that once again Heskett ignores the clear, unambiguous law in Colorado holding that the evidence on which he bases the appeal cannot create an ambiguity as a matter of law. Contrary to Heskett's assertion, this is what makes his appeal frivolous, not the fact the he lost the argument twice at the trial court.

His second contention is that a party has a right to bring an appeal when they have a good faith argument to change or extend the law. This is true. However, at no time in this case, including in the very response in which Heskett cites his right to make a good faith argument to change the law, does Heskett actually make such an argument. At a minimum, such an argument would require the acknowledgement of the law that the party has a good faith argument to change, something Heskett has never done. Instead, Heskett continues to argue, as his Response shows, that his

argument has a basis in law. Citation to a right that he fails to attempt to exercise is wholly irrelevant, and the Court should ignore it.

### B. The Appeal Is Frivolous and Vexatious

Heskett's arguments in his Response wholly fail to address the relevant issues Mesa raised that establish the frivolousness of the appeal. The appeal is frivolous not because Heskett has no right to the appeal or because he does not believe he has a chance of prevailing, but because direct, on-point precedent from the Colorado Supreme Court defeats the only argument he has made on appeal. In fact, as articulated in the Answer Brief and the Motion for Sanctions, every single proposition that Heskett's argument relies on is directly contradicted by controlling precedent, all of which he ignores. That is what makes his appeal frivolous. *See Braley*, 832 F.2d at 1510 ("An appeal is frivolous when 'the result is obvious, or the appellant's arguments of error are wholly without merit.'") (citing *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656 (9th Cir. 1984)).

Notably, Heskett does not seem to address any of the arguments made for why sanctions are appropriate against his counsel under 28 U.S.C. § 1927. Even in his response to the motion for sanctions, which itself was based in part on counsel's continued insistence on ignoring contrary precedent, Heskett continues to advance his argument by ignoring contrary precedent. The federal reporters are filled with

4

cases discussing counsel's responsibility regarding adverse authority. *See, e.g., Knipe v. Skinner*, 19 F.3d 72, 76 (2d Cir. 1994) (sanctions appropriate where case law was clearly contrary to a party's position, but the party's attorney offered no argument why that law should be extended, modified, or reversed.) *Jorgenson v. County of Volusia*, 846 F.2d 1350, 1351 (11th Cir. 1988) (failure to cite adverse, controlling precedent justified sanctions imposed against attorneys); *Borowski v. De Puy, Inc.*, 850 F.2d 297, 304–306 (7th Cir. 1988) (sanctions were appropriate against an attorney who "throughout the entire case demonstrated the "ostrich-like tactic of pretending that potentially dispositive authority against [his] contention does not exist[.]"). By continuing to advance the argument raised in the appeal in the face of mountains of precedent to the contrary, without once attempting to distinguish that precedent or argue that the law should be changed, Heskett's counsel is subject to sanctions. *See Jolly Group Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (sanctions against an attorney under § 1927 appropriate where the attorney pursues a claim without a plausible legal or factual basis).

## CONCLUSION

None of Heskett's arguments justify a denial of Mesa's Motion for Sanctions. In fact, Heskett's tactic in response to Mesa's motion is consistent with his strategy throughout this litigation. He ignores direct arguments contrary to his position and

attempts to create new issues without authority in order to distract from the fact that he cannot argue against the merits. Direct, on-point, controlling case law defeats his arguments, and despite the fact that the law has been brought to his attention numerous times throughout this litigation, he has not once addressed it to even attempt to distinguish it or argue that it should be changed.

Instead, he continues to advance an argument, without any legal authority whatsoever, that an undisputed clear provision in an insurance policy is ambiguous because the insured either did not understand it or did not know that it was in the policy because he did not read it. While this appeal is certainly not the most egregious pleading to grace this Court's docket, it is certainly frivolous, and "Rule 38 should doubtless be more often enforced than ignored in the face of a frivolous appeal." *Braley*, 832 F.2d at 1511 (citing *WSM, Inc. v. Tennessee Sales Co.*, 709 F.2d 1084, 1088 (6th Cir. 1983)).

WHEREFORE, Plaintiff-Appellee Mesa Underwriters Specialty Insurance Company respectfully requests an order from the Court granting this Motion for Sanctions and award Mesa just damages and double costs from Heskett pursuant to Fed. R. App. P. 38 and the excess costs, expenses, and attorneys' fees Mesa has reasonably incurred in defending this appeal from Heskett's attorney, Edward Lomena of the McDivitt Law Firm, pursuant to 28 U.S.C. § 1927.

Dated this 26th day of July, 2022.

                                        Respectfully Submitted,
                                        HALL & EVANS, L.L.C.

                                        By: *s/ Stephanie A. Montague*
                                        Stephanie A. Montague
                                        Nicholas J. Deaver
                                        HALL & EVANS, L.L.C.
                                        Attorneys for Plaintiff-Appellee
                                        Mesa Underwriters Specialty
                                        Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MESA'S REPLY TO HESKETT'S RESPONSE TO THE MOTION FOR SANCTIONS** was filed this 26th day of July, 2022 via Colorado Courts E-Filing upon the following:

*Counsel for Defendant-Appellant*
Edward Lomena
McDivitt Law Firm, PC
19 E Cimarron Street
Colorado Springs, CO 80903
elomena@mcdivittlaw.com

                                        s/ *Julie Eaglesham*
                                        Julie Eaglesham, Legal Secretary